IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLENDALYS ALAMEDA RIVERA, personally and on behalf of her minor son, J.M.A., <br><br>Plaintiffs, <br><br>v. <br><br>DEPARTMENT OF EDUCATION OF PUERTO RICO, and the COMMONWEALTH OF PUERTO RICO, <br><br>Defendants. | CASE NO. 22-cv-1411 <br><br><br> ATTORNEY'S FEES AND COSTS PURSUANT TO <br> 20 U.S.C. § 1415(i)(3)(B) |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

1. This is an action for attorney's fees and costs brought by Mrs. Glendalys Alameda Rivera, personally and on behalf of her minor son, J.M.A.

2. J.M.A. is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3. This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a

Verified Complaint
Case No. 22-cv-1411

disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

## PARTIES

6. Plaintiff Mrs. Glendalys Alameda Rivera is the mother and legal custodian of minor J.M.A. See **Exhibit #1**, Unsworn Statement under Penalty of Perjury signed by Glendalys Alameda Rivera on August 29, 2022.

7. Plaintiff J.M.A. is a nine (9) year old boy born on March 14, 2013, who is diagnosed with severe autism, a condition that requires specialized education and related services to be able to receive a free appropriate public education.

8. J.M.A. resides with his parents in the Municipality of Mayagüez, Puerto Rico, with the following physical address: Carr. 348 Interior Km. 1.0, Barrio Quebrada Grande, Mayagüez, P.R. 00680,

Verified Complaint
Case No. 22-cv-1411

and postal address: HC 7, Box 20500, Mayagüez, P.R. 00680.

9. J.M.A. is duly registered with the Department of Education of Puerto Rico ("PR-DOE") as a child with disabilities with registration number 24611499 and is registered in the PR-DOE's Mayagüez District and Region.

10. As a child with disabilities, J.M.A. is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PR-DOE.

11. Plaintiffs seek that this Honorable Court order defendants to provide the attorney's fees and costs entitled to them as prevailing parties in administrative cases numbers QEE-2021-19-03-00755 and QEE-2022-19-06-01005, as well as those incurred in the prosecution of the instant action.

12. The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13. As a recipient of federal funding under the IDEA, the PR-DOE is responsible for providing a free appropriate public education suited to the individual needs of minor J.M.A., a child with disabilities.

Verified Complaint
Case No. 22-cv-1411

14. The physical address of the PR-DOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is Calle Teniente César González, Esquina Ave. Jesús T. Piñero, San Juan, P.R., 00919, and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

## STATEMENT OF THE CASE

17. On March 17, 2022, plaintiffs filed administrative complaint number QEE-2021-19-03-00755 requesting that the PR-DOE be ordered to provide J.M.A. with private placement at public cost in the private educational institution Mayagüez Academy for the 2021-2022 school year and a myriad of related services that had been wrongfully denied by the PR-DOE, including a teaching assistant (a/k/a T-1 assistant), an adequate Individualized Education Plan (IEP) and compensatory related services for the denial of his right to a free appropriate public education, and a

4

Verified Complaint
Case No. 22-cv-1411

certified copy of his academic record.

18. Following several administrative due process hearings, administrative law judge ("ALJ") Marie Lou De la Luz-Quiles issued on July 12, 2022 a final resolution with a ruling in J.M.A.'s favor and ordering the PR-DOE to provide the relief sought in the due process complaint.

19. The resolution issued by ALJ De la Luz-Quiles in case number QEE-2021-19-03-00755 was not appealed by the PR-DOE and, therefore, became final.

20. On June 16, 2022, plaintiffs filed administrative complaint number QEE-2022-19-06-01005 requesting that the PR-DOE be ordered to provide J.M.A. with private placement at public cost in the private educational institution Mayagüez Academy for the 2022-2023 school year and a myriad of related services that had been wrongfully denied by the PR-DOE, including a teaching assistant (a/k/a T-1 assistant), an adequate Individualized Education Plan (IEP) and compensatory related services for the denial of his right to a free appropriate public education, and a supplemental certified copy of his academic record.

21. Following several administrative due process hearings, administrative law judge ("ALJ") Marie Lou De la Luz-Quiles issued on July 29, 2022 a final resolution with a ruling in J.M.A.'s favor

5

Verified Complaint
Case No. 22-cv-1411

and ordering the PR-DOE to provide the relief sought in the due process complaint.

22. The resolution issued by ALJ De la Luz-Quiles in case number QEE-2022-19-06-01005 was not appealed by the PR-DOE and, therefore, became final.

23. In view that the relief requested in both due process complaints was obtained, making plaintiffs the prevailing party, IDEA's section 1415(i)(3)(B) provides for the payment of the attorney's fees and costs incurred in the administrative proceedings, as well as those additional fees and costs spent in the present litigation.

**CAUSE OF ACTION**

24. Plaintiffs re-allege and incorporate paragraphs 1 thru 23 of this Verified Complaint.

25. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. § 300.517(a)(1)(i).

26. The relief requested in administrative cases numbers QEE-2021-19-03-00755 and QEE-2022-19-06-01005 was granted by the hearing officer, making plaintiffs the prevailing party in both

Verified Complaint
Case No. 22-cv-1411

proceedings. Consequently, plaintiffs are entitled to attorney's fees pursuant to 20 U.S.C. § 1415 (i)(3)(B)(i)(I).

27. Plaintiffs request an award of the attorney's fees and costs incurred in administrative cases numbers QEE-2021-19-03-00755 and QEE-2022-19-06-01005, as well as those additional fees and costs which will be spent in the present litigation up to its final disposition.

28. Attached to this Verified Complaint is a detailed invoice for the legal services provided up to date by plaintiffs' counsel in administrative cases numbers QEE-2021-19-03-00755 and QEE-2022-19-06-01005, and in the preparation and filing of the instant case complaint. See **Exhibit #2**, invoice number 16518.

29. All costs itemized in Exhibit #1 were necessarily incurred in the successful prosecution of administrative cases numbers QEE-2021-19-03-00755 and QEE-2022-19-06-01005, and in the preparation and commencement of this civil action.

30. The hourly rate charged for the services provided by the undersigned attorney is $165.00 per hour, charged in increments of one tenth of an hour (.10).

31. The undersigned counsel's previous $150.00 hourly fee was recently raised by ten percent to $165.00 due to the current inflationary period and substantial increase in the costs of living

7

and doing business in Puerto Rico.

32. This ten percent increase is in line with inflation and with the increased experience and years of service of counsel Vizcarrondo in special education litigation in Puerto and should therefore be held reasonable and appropriate.

33. The undersigned attorney's previous $150.00 hourly rate was set at the onset of the last decade (2010) and was consistently held reasonable and appropriate by this Honorable Court during the last decade for special education litigation in Puerto Rico. See, Ortiz-Cardona v. Department of Education of Puerto Rico, No. 15-3121 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Cintrón-Marzán v. Department of Education of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Department of Education of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No. 17)(Gelpí, J.).

34. The undersigned attorney is a sole practitioner with eighteen years of experience actively litigating civil cases in federal and state courts.

35. In May of 2000, the undersigned obtained a Bachelor of Science in Business Administration degree with majors in finance and management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business

8

Verified Complaint
Case No. 22-cv-1411

Administration in Gainesville, Florida.

36. The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

37. The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

38. On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

39. On June 25, 2004, the undersigned was admitted to practice in this Honorable District Court (Bar No. 221714) and, on September 13, 2004, to the U.S. Court of Appeals for the First Circuit (Bar No. 100945).

40. Since 2004, the undersigned has been actively litigating multiple cases in federal and state courts. In fact, as of this date the undersigned figures as counsel in reported cases from this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-

9

Verified Complaint
Case No. 22-cv-1411

Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR

10

Verified Complaint
Case No. 22-cv-1411

App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

41. For close to fifteen years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums all over the Island, and in local and federal courts. See, e.g., Rojas-Mercado v. PR-DOE, 2008-014-011, 2010-014-001; Delgado-López v. PR-DOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PR-DOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. PR-DOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PR-DOE, 2009-09-042, 2010-

11

Verified Complaint
Case No. 22-cv-1411

69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD); Buono-Toledo v. PR-DOE, 2010-020-008; Arroyo-Meléndez v. PR-DOE, 2010-013-054; Santos-Ortiz v. PR-DOE, 2010-004-035; Fernández-González v. PR-DOE, 2010-050-005, 2011-050-006; Santa-Rodriguez v. Commonwealth of P.R., 11-1086 (SEC); Hernández-Santiago v. PR-DOE, 2011-066-001; De la Cruz-Santiago v. PR-DOE, 2011-066-002; Rosado-Galagarza v. PR-DOE, 2011-073-004; Rodríguez-Betancourt v. PR-DOE, 2011-100-019; Betancourt-Rodríguez v. PR-DOE, 2011-100-026, 2011-100-072; Llaneza-Sarnelli v. PR-DOE, 2011-030-035, 2011-030-080; Gonzalez-Warren v. PR-DOE, 2011-069-019; Prieto-Reyes v. PR-DOE, 2011-069-019; Matos-Canales v. PR-DOE, 2011-095-034; Morales-Rivera v. PR-DOE, 2011-052-020; Meléndez-Rivera v. PR-DOE, 2011-031-021; Arroyo-Rivera v. Commonwealth of P.R., 11-1927 (DRD); Galagarza-Flores v. Commonwealth of P.R., 11-1997 (GAG); Santiago-Morales v. Commonwealth of P.R., 11-2020 (GAG); Oquendo-Oliveras v. PR-DOE, 2011-095-043; Robelo-Rodríguez v. PR-DOE, 2011-107-049; López-De Jesús v. PR-DOE, 2012-107-016; Pacheco-Cubero v. PR-DOE,

Verified Complaint
Case No. 22-cv-1411

2012-107-016; Santos-Díaz v. Commonwealth of P.R., Civil No. 11-1957 (JAF); Reyes-Ortiz v. Commonwealth of P.R., Civil No. 12-1080 (FAB); Betancourt-Morales v. Commonwealth of P.R., 12-1087 (GAG); Matos-Tallada v. Commonwealth of P.R., Civil No. 12-1131 (SCC); López-Lamboy v. Commonwealth of P.R., 12-1138 (JAG)(BJM); Sarnelli-Montero v. Commonwealth of P.R., 12-1209 (PG); Gómez-Pérez v. PR-DOE, 2012-107-016; Colón-Ruiz v. PR-DOE, 2012-064-003; Oquendo-Oliveras v. PR-DOE, 2011-095-043, 2012-095-011; Rivera-Santiago v. PR-DOE, 2012-107-016; De la Paz-Levine v. PR-DOE, 2012-011-011; Menéndez-Vergara v. PR-DOE, 2013-111-036; Ríos-Díaz v. PR-DOE, 2013-111-036; Castrello-Lago v. PR-DOE, 2012-064-033; Oliveras-Rosado v. Commonwealth of P.R., KPE 2012-1130 (907); Warren-González v. Commonwealth of P.R., Civil No. 12-1097 (FAB); Toledo-Barrionuevo v. Commonwealth of P.R., Civil No. 11-1949 (FAB); González-Pérez v. Commonwealth of P.R., Civil No. 12-1093 (JAF); Levine-Díaz v. Commonwealth of P.R., Civil No. 12-1804 (ADC)(SCC); Santiago-Calderón v. Commonwealth of P.R., Civil No. 12-1708 (FAB)(CVR); Cubero-Pérez v. Commonwealth of P.R., Civil No. 12-1677 (PG).

42. Plaintiffs' counsel has participated in three IDEA cases before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp.

13

Verified Complaint
Case No. 22-cv-1411

3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

43. Based on the educational and practical experience gathered by the undersigned attorney, the current inflationary period and the current elevated cost of living and of doing business in Puerto Rico, the $165.00 hourly rate should be held reasonable by this Honorable Court.

44. Plaintiffs' counsel $165.00 hourly rate falls within the spectrum of the prevailing rates for attorneys in the legal community of Puerto Rico for specialized cases such as the one of caption.

45. Hourly rates of $200.00 and higher have been accepted by the Department of Education and ordered by this District Court in similar cases to the one at hand since the early 2000s. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (deeming as reasonable a $135.00 hourly rate for a Puerto Rico attorney twenty-four (24) years ago).

46. The $165.00 hourly rate of the undersigned counsel, billed in one tenth of an hour (.10) increments, should be held as reasonable based on the undersigned's experience and track record

Verified Complaint
Case No. 22-cv-1411

in special education federal and state litigation.

## PRAYER FOR RELIEF

**WHIMEFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor and hold defendants liable for the payment of the attorney's fees and costs incurred in the administrative due process proceedings, plus any additional fees and costs incurred in the prosecution of this action, as well as any other and further relief deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of August 2022.

*S/Francisco J. Vizcarrondo-Torres*
FRANCISCO J. VIZCARRONDO-TORRES
USDC-PR No. 221714
P.O. Box 195642
San Juan, P.R. 00919-5642
Tel. No. (787) 296-9521
fvizcarrondo@fjvtlaw.com